David Kusnetz, J.
Plaintiffs, the owners and operators of a catering and hotel business at Long Beach, New York, seek a permanent injunction to restrain the defendants from picketing the plaintiffs’ place of business. The evidence at the trial discloses that picketing began on either December 5 or 6, 1956, by the defendant union. The picketing was conducted peace *97 fully, without force, intimidation, violence or disorder except for one occasion when an incident lasting about five minutes occurred in front of the home at which plaintiffs’ were catering a party. The picket signs contained a legend to the effect that the picketing was for organizational purposes. Evidence was adduced by the plaintiffs that the union, through its representatives, made demands upon the plaintiffs to enter into a contract although the union did not represent the employees. This is denied by the defendants whose testimony is to the effect that it was attempting to obtain employment for several of its employees and at no time did they demand a contract recognizing them as the collective bargaining agent of plaintiffs’ employees.
In addition, there was some testimony by the plaintiffs with reference to the difficulties they were having concerning deliveries. Attention was called to several occasions when deliverymen refused to pass the picket line and that it has become necessary for plaintiffs to make pickups of some of the merchandise used by them.
The union contends and it is the law that it had the right and now has the right to picket plaintiffs’ place of business peaceably with signs stating that the picketing was for organizational purposes (May’s Furs & Ready-to-Wear v. Bauer, 282 N. Y. 331; Exchange Bakery & Restaurant v. Rifkin, 245 N. Y. 260; Wood v. O’Grady, 307 N. Y. 532). This is so unless the picketing complained of is for an unlawful purpose in that it seeks to coerce the employer into signing a contract with a union by exerting economic pressure against the employer to force him to violate the State Labor Relations Act by compelling the employees to join a union against their will or, in the alternative, to drive plaintiff out of business.
The record in this case is lacking in evidence which would support a finding that the plaintiff has suffered substantial and irreparable injury. The inability of the plaintiffs to have merchandise delivered to their premises, necessitating their sending for it amounts to no more than personal inconvenience (Wood v. O’Grady, supra).
After carefully considering all of the evidence in this case, this court finds that no demand was made upon the plaintiffs by the defendant union that plaintiffs enter into a contract with it; that the picketing was peaceful and that it was not directed against the employer to induce them to recognize the union as the bargaining agent for plaintiffs ’ employees; that the picketing was not done for the purpose of exerting economic pressure *98 to bear upon the plaintiffs in order to compel their employees to join the union. The court further finds that the actual purpose of the picketing was to organize the employees of the plaintiffs.
Under the circumstances, the complaint is dismissed and judgment on notice may be entered accordingly.